STATE OF NEBRASKA, APPELLEE, v. KENNETH HUNT ET AL., APPELLANTS.

135 N. W. 2d 475

Filed May 28, 1965. No. 35922.

McFadden & Kirby, for appellants.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a prosecution for forcible rape against the defendants Kenneth Hunt, Robert Mussack, Arnold Vollbrecht, and William Watts. The jury returned a verdict of guilty against each of the defendants. Each was sentenced to the Nebraska Penal and Correctional Complex for a period of 4 years at hard labor. Defendants seek a review in this court.

The information charged that the defendants did, on March 1, 1964, in the county of Stanton, Nebraska, have carnal knowledge of Margery Ott forcibly and against her will. The charge was made pursuant to section 28-408, R. R. S. 1943.

The prosecutrix was born on April 16, 1947. She was working on the evening of February 29, 1964, at a place called the Fountain, in Stanton. Two of the defendants, Watts and Vollbrecht, asked her to go riding with them when she got off work about midnight. She agreed to go if a girl friend would go along. The result was that the four of them got into Watts' car and, after driving around town for a while, went out of town to a place called Piller's lake. Soon after their arrival there another car containing three boys, including the defendants Mussack and Hunt, came into the area. It developed that this rendezvous was pursuant to a prearranged scheme to get the prosecutrix out to Piller's lake for immoral purposes. Several of them, if not all, heard stories about the prosecutrix, which precipitated the prearranged plan. One of the boys left in his car shortly thereafter, leaving the four defendants and the two girls at Piller's lake. All were about 17 years of age.

The four defendants devoted their attention almost exclusively to the prosecutrix. She resisted their advances at Piller's lake with success. They concluded to leave and take Vollbrecht home first. They left Piller's lake and on arrival at Vollbrecht's home they got out of the car and eventually went into the house. While

the girl friend of prosecutrix was in and out of the house at times and guessed as to what was going on, she was in no way involved. It would serve no useful purpose here to recite the sordid details of the events which transpired in the house. Suffice it to say that the evidence is sufficient to sustain a finding that each of the four defendants had sexual intercourse with prosecutrix in the early morning hours of March 1, 1964. There is evidence by prosecutrix that she resisted to the utmost, screamed her loudest, and sustained many bruises, torn clothes, and other evidences of physical abuse. Prosecutrix was corroborated by her mother when she arrived home and by a physician to whom she was taken early the next morning.

The general tenor of the defense was that, although they mutually agreed to take prosecutrix out for the purpose which was accomplished, they used no force, that prosecutrix did not resist with any sincerity of purpose, and that she acquiesced in the sexual acts. There is evidence in the record to support these contentions, which were denied by the prosecutrix. Three witnesses other than the defendants testified that they had engaged in sexual relations with the prosecutrix prior to the happening of the events that brought about this prosecution. Prosecutrix admitted having sexual relations with these three witnesses on one occasion, which she stated was against her will, but which she reported to no one. As to whether or not the defendants forcibly had sexual relations with prosecutrix, the evidence is conflicting.

There is evidence in the record by the girl friend of the prosecutrix that she heard no calls for help or other evidence of resistance at the Vollbrecht home. She was, however, outside of the house. She also testified to a statement by prosecutrix to the defendants, heard by her while listening at a window, indicating acquiescence, which was explained by prosecutrix rather unsatisfactorily. On the other hand, the facts show that prosecu-

trix was the victim of a prearranged plan to trick her into a situation where their objective could be accomplished. She refused to go unless her girl friend would also accompany her. Inquiry was made as to whether or not the date was to be just between the two girls and Watts and Vollbrecht, which was passed off with hurt pride that anything else would be suspected. Admittedly, the resistance of prosecutrix at Piller's lake was sufficient to resist their advances, which defendants admit were made. It was not until prosecutrix was enticed into the Vollbrecht home that her resistance was overcome and the preconceived plan accomplished. While the evidence shows that prosecutrix had previously had sexual relations with others, which is a circumstance on the issue of consent, it is not a controlling factor on the issue of force. The issues of fact were conflicting and were for the determination of the jury. There is sufficient evidence to sustain the verdict of guilty which the jury returned.

Where competent evidence is adduced to support every element of the offense charged in a criminal prosecution, it is ordinarily for the jury to determine if the offense has been established by evidence beyond a reasonable doubt. Wamsley v. State, 171 Neb. 197, 106 N. W. 2d 22. In a prosecution for rape it is not essential that prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony as to the principle fact. Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897. The degree of force required to sustain a conviction for forcible rape is relative, depending upon the particular circumstances, but it must be sufficient to subject the dissenting woman to the power of the man and thus enable him to have carnal knowledge of her notwithstanding good faith resistance on her part. The degree of resistance required of the prosecutrix is also relative, depending upon the particular circum-

stances, but she must in good faith resist to the utmost of her physical ability as long as she has the strength to do so, until the offense is consummated. Salerno v. State, 162 Neb. 99, 75 N. W. 2d 362. In a prosecution for rape the prosecutrix may testify in chief that she complained to another within a reasonable time under the circumstances after the act was committed, and such other party may likewise testify in chief to such fact and the nature of the complaint, such evidence being for the consideration of the jury as corroboration of the main fact in issue. This court will not interfere with a verdict of guilty in a criminal action based upon conflicting evidence, in the absence of prejudicial error in the conduct of the trial, unless it is so lacking in probative force that, as a matter of law, it is insufficient to support a finding of guilt beyond a reasonable doubt. Texter v. State, 170 Neb. 426, 102 N. W. 2d 655. No contention is made that the jury was not so instructed in the instant case.

Counsel for the defendant Hunt moved for a mistrial for the reason that sheriff Emil Christensen, in an answer that was not responsive to the question, referred to the guilt of the defendant. The record shows that counsel for defendant asked the sheriff where he first found the defendant Hunt. He answered that he found him at the Robert Hansen farm. He was then asked if he put him under arrest, to which he replied: "For stealing gas." Objection was made that the answer was not responsive. The trial court sustained the objection, ordered the answer stricken, and instructed the jury to disregard the same. Defendant's counsel then moved for a mistrial. The motion was overruled. The inadequacy of the objection to raise the question of proof of unassociated offenses is apparent. In any event, under the circumstances shown by the record, the action of the trial court in sustaining the objection and instructing the jury to disregard the answer was

sufficient to remove any prejudicial error resulting from the answer.

Defendants assign as error the admission of two exhibits which were alleged to have been obtained by an unlawful search and seizure. The evidence shows that the sheriff went to the Vollbrecht home and asked permission of Melvin Vollbrecht, the owner of the farm home, to look through the house. He was told that he was welcome to look through the house, which he did. This evidence is not disputed. We know of no rule requiring a search warrant where a search is freely authorized by an owner in possession under the circumstances here shown. The contention of the defendants on this point cannot be sustained.

Defendants complain of the admission of statements contained in written statements given to the county attorney shortly after the happening of the event which brought about the charge of forcible rape. The record shows that the trial court held a hearing outside the presence of the jury to determine whether or not the statements were voluntarily and freely given. The court determined that they were and the evidence sustains this ruling. The State then called the stenographer who transcribed the statements and testified to the admissions made by the defendants in their respective statements. Complaint is made that this evidence was not properly admitted prior to the introduction of the statements in evidence. The record affirmatively shows that the statements were read by the defendants after they were typewritten. It also shows that copies were delivered to them before the commencement of the trial. The facts stated in the statements are not disputed as having been made, although some attempt was made by one defendant to show that the county attorney put the answers in his mouth. The evidence shows that this contention was not true by those in attendance when the statements were taken. It is not error to offer admissions against interest in evidence in the case-in-chief

before the written statement from which they are taken is offered in evidence. In fact, unless a dispute arises as to what is contained in the statements, such statements are not ordinarily admissible in evidence at all. There is no merit in this assignment of error.

Defendants assign as error the misconduct of the county attorney in offering a bloody towel in evidence which did not tend to prove any issue in the case. The record shows that the county attorney offered the bloody towel in evidence and immediately withdrew his offer. There is no evidence that it was shown to the jury. After the offer and withdrawal of the exhibit, defendants moved that the jury be instructed not to consider even the attempt to offer it. The objection was sustained and the trial court admonished the jury to disregard the exhibit and that it was not to draw any inference of any kind from the attempt to offer the exhibit. The trial court fully and adequately complied with the request of defendants' counsel. Defendants cannot now claim misconduct on the part of the county attorney, even if it were misconduct. The trial court complied with the request made which defendants' counsel considered adequate at the time. Under such circumstances the defendants will not be permitted to claim prejudice on some other ground not raised by objection.

Defendants object to the following statement by the county attorney in his closing argument to the jury: "* * * and I say to you Gentlemen of the Jury that on this evidence that was presented here to you it is your sworn oath to find them guilty and I will say this to you —." He was interrupted by opposing counsel as follows: "I object to this, Your Honor, they don't have any such obligation. I object to the remark of counsel, they have an obligation to consider and weigh the evidence and determine * * * There is no such obligation to find these boys guilty." The court ruled as follows: "The determination of the evidence and its force and effect is strictly within the province of the Jury. With

that statement by the Court, proceed, Mr. Grady."

The argument of the county attorney is not error. A county attorney may properly argue the duty of a jury based on the evidence in the case. The county attorney expressed no personal opinion as to the guilt of the defendants. He merely argued that under the evidence the jury was required by its oath to find the defendants guilty. The argument bears upon the weight of the evidence as the trial court informed the jury. The argument to which objection was made is without substance. Wamsley v. State, *supra*.

On motion for a new trial the defendants asserted by the affidavits of Don Reed and Louise Reed that Herman Pohlman, a juror in the case, told them the day before the trial: "I've got a girl of my own and you know how I feel about this thing." By the counter-affidavit of Herman Pohlman, he stated: "As far as the boys' trial, I do not know them and I have never seen the girl. * * * I never expressed any opinion about this case. I never did have any conversation with Mrs. Reed. I may have said something about having daughters. I know that Don Reed knows I have three sons. I am just as much concerned with my three boys being treated fairly as I am concerned about the safety of my two daughters. If I made any reference to my daughters in front of the Reeds it was not to indicate that I had anything against the boys. * * * The only gossip I really ever heard about this case was entirely different from what I heard at the trial and I completely forgot all the gossip during this trial." The evidence of misconduct of juror Pohlman is not sustained and the trial court correctly refused to grant a new trial on such ground. There is no proof of a preexisting opinion or proof of any conduct that indicates that this juror could not well and truly try the case on the evidence adduced and the instructions of the court. The trial court's action in denying a new trial because of misconduct by juror Pohlman is sustained by the record. The ruling of the trial court

on a question involving misconduct of the jury will not be disturbed in the absence of a showing of an abuse of discretion. Phillips v. State, 157 Neb. 419, 59 N. W. 2d 598; Kohrt v. Hammond, 160 Neb. 347, 70 N. W. 2d 102.

Defendants assign other errors occurring during the course of the trial. Some have no basis in the evidence and others are so plainly nonerroneous as to require no discussion here. We find no prejudicial error in this record. The verdict of the jury is sustained by the evidence and the judgment entered thereon is affirmed.

AFFIRMED.