STATE OF NEBRASKA, APPELLEE, V. JAMES L. FERGUSON, JR.,
APPELLANT.
196 N. W. 2d 374

Filed April 14, 1972. No. 38294.

Beatty, Morgan & Vynhalek, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, James L. Ferguson, Jr., was found guilty by a jury of the crimes of rape and robbery. He was sentenced to a term of 5 to 8 years for the rape and 3 to 4 years for the robbery, the sentences to be served consecutively. The defendant's principal complaints on appeal assert a lack of sufficient corroboration for the offense of rape, and excessiveness of the sentences.

The complaining witness was a young married woman, separated from her husband, and living alone in a basement apartment at 1003 East 4th Street in North Platte, Nebraska. She attended college from 1964 to 1967, and was married in 1968. She had moved to North Platte from Lincoln, Nebraska, after separating from her husband. She was employed as a receptionist and secretary by a fire detection company in North Platte.

On February 25, 1971, she left her place of employment at 8 o'clock in the evening. She walked home

from work with stops at a grocery store and the post office and approached the door of the building in which her apartment was located at approximately 8:30 p.m. On her way home, she had noticed a yellow older model pickup truck being pushed out of a filling station and later saw the same truck parked near a motel located 2 blocks from her home. The entrance to her apartment was in the rear of the house which had been divided into apartments. Just as she reached the door, a young man called to her and asked if she had a car and if she could give him a push. She thought he looked to be about high school age. When she told him she had no car, he then asked to use the telephone and she referred him to an upstairs neighbor. At this point, she bent over to pick up the newspaper. The defendant took hold of her and placed a knife at her throat and a hand across her mouth. He told her to be quiet and that they were going to take a walk and to walk normally and naturally. Still carrying the newspaper, she was led 2 or 3 blocks north and across the railroad tracks. As they were crossing the railroad tracks, she hesitated. The defendant jerked her arm and she fell and skinned her right knee. The defendant led her between two buildings in the warehouse district and demanded money. She gave him the $8 which she had in her wallet. At this point the defendant said: "Not so fast; there's more." She screamed. The defendant again produced what she believed to be a knife, tripped her and threw her to the ground, put his knee on her chest, held the knife at her throat, threatened to kill her when she screamed, and then raped her. Afterward the defendant walked part way back with her and left.

Upon entering her apartment, she changed her clothes and called a friend at approximately 9:05 p.m. The friend and her husband came over immediately. The complaining witness was very excited and agitated, and related the story to them and they took her to the police station. There she complained that she had been raped

and robbed by a white male about 16 years old. She gave a complete statement to the police. The police showed her a file of over 200 pictures and she identified a picture of the defendant as the closest resemblance to her assailant. She took the police to the area of the crime. Pictures were taken of the scene. Most notable was a footprint left by a boot, and a newspaper of that date. A plaster cast of the footprint was later taken by the police. The police picked up the complaining witness' clothes some 3 or 3½ hours after the attack and at that time her panty hose were "pretty dry."

The defendant was arrested at his home the next morning. He was hiding under the floor. Clothes were recovered which generally matched the description given by the complaining witness of the clothing worn by her assailant. The plaster cast of the footprint at the scene and the defendant's boots were admitted in evidence. The defendant was 18 years of age, matched the physical description given at the time, and was identified by the complaining witness at the trial as her assailant.

A young girl who lived with him was the only witness for the defendant. She testified that on the night in question the yellow pickup in which they were riding had failed to start. A gasoline station attendant pushed them without success and left the truck in front of a motel. The defendant went to get somebody to push them and the girl testified that she waited inside the motel office for about 10 minutes before he returned. She testified that he was not disheveled or nervous when he returned. The truck then started and they returned home. She testified that he did not have a knife on that evening that she knew of. The truck was a family vehicle which the defendant frequently used.

The defendant asserts that the evidence to corroborate the testimony of the complaining witness is insufficient as corroboration for the crime of rape. Under the law of Nebraska an accused charged with rape cannot be

convicted solely on the testimony of the prosecutrix. Stapleman v. State, 150 Neb. 460, 34 N. W. 2d 907.

In this case there is no question but that the victim made complaint to her friends and to the police immediately following the commission of the crime. While that fact alone might be insufficient, it is clearly for the consideration of the jury as corroboration of the main fact in issue. See State v. Hunt, 178 Neb. 783, 135 N. W. 2d 475.

Unfortunately, the police did not request it and no medical examination of the complaining witness was made at the time, although the police did take pictures of her skinned knees. There is therefore no direct corroboration as to the act constituting the offense of rape. In this state, however, it is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony as to the principal fact in issue. State v. Hunt, supra; State v. Garza, 187 Neb. 407, 191 N. W. 2d 454. On the facts before us there is substantial evidence of material facts and circumstances in addition to the testimony of the prosecutrix from which the jury properly may have and did draw the inference of guilt. The fact that the same corroborative evidence substantiated both crimes does not mean that its use must be limited to one.

The defendant also contends that the sentences here were excessive. The statutory sentence limits for both rape and robbery are not less than 3 nor more than 50 years imprisonment. The defendant received a sentence of 5 to 8 years for rape and 3 to 4 years for robbery. The defendant's misdemeanor conviction record extends back to his commitment to the Boys' Training School at the age of 13. Two separate felony charges were dropped by the prosecutor at time of sentencing. The record fully supports the action of the trial court and clearly establishes that there was no abuse of discre-

tion here. Where punishment of a statutory offense is left to the discretion of the court, a sentence imposed within the statutory limits will not be disturbed unless an abuse of discretion appears. State v. Thompson, 187 Neb. 682, 193 N. W. 2d 561.

The judgment of the trial court was correct in all respects and is affirmed.

AFFIRMED.