STATE OF NEBRASKA, APPELLEE, v. RICHARD L. CAMPBELL, APPELLANT.

206 N. W. 2d 53

Filed March 30, 1973. No. 38632.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

A jury found the defendant, Richard L. Campbell, guilty of rape. He appeals from the conviction and sentence of not less than 5 nor more than 8 years.

On the evening of February 14, 1972, the prosecutrix, a 20-year-old music student at the University of Nebraska, entered the Westbrook Music Building on the campus at about 6 p. m. to practice. As a music major, she had an individually assigned key which permitted

her to enter the locked soundproof practice rooms located in the basement of the building. She unlocked and entered an organ practice room and the door automatically locked behind her. She began to practice on the organ located in the practice room. After a time she heard the defendant knock on the door. The young man was a complete stranger to her. He sought admission on the pretext that he was waiting for a girl friend who was scheduled to use the practice room shortly. The prosecutrix allowed him to enter and began to practice again, but very quickly became nervous and suspicious of the defendant's actions and tried to leave the room. The defendant blocked the doorway, grabbed her arm, and prevented her escape. He told her he wanted to make love to her; threatened a severe physical beating; ordered her to take off her clothing; complained and swore at her when she was slow in complying; and forcibly removed part of her clothing. The defendant did not actually strike her but continued to threaten her with a severe beating. She offered little resistance and sexual intercourse was effected by the defendant.

When the defendant left the room, the prosecutrix went upstairs and told a janitor that she had been raped. A second janitor asked what was the matter and she again reported the rape. The janitors did not seem to believe her although one of them testified that she was in a state of shock, and that he began to believe her later.

Prosecutrix left the building and returned to her dormitory. She told her roommate of the entire incident, lay down on her bed, and fell asleep. The roommate contacted university officials and at about midnight the prosecutrix was taken to the student health center and examined by a physician. The doctor found spermatozoa present indicating sexual intercourse within the preceding 24 hours. At the health center, the prosecutrix also repeated her story to a university

police official. At about 9:30 a.m. the next morning, the prosecutrix was interviewed by Lieutenant Edmunds of the university police and she again made complaint to him. From police photographs prosecutrix later identified the defendant as her assailant. Witnesses for the defendant testified that defendant was with them at the time of the alleged rape.

The defendant's principal contentions are that the complaint by the prosecutrix was not voluntarily made nor timely, and that the evidence was insufficient to establish resistance on the part of the prosecutrix.

The defendant relies on Sherrick v. State, 157 Neb. 623, 61 N. W. 2d 358, to support his contention that the complaint was not voluntary nor timely. That case holds that if the complaint is involuntary or delayed without sufficient reason, the complaint has no force and is inadmissible. The complaint which was held inadmissible in Sherrick was not made until after school on the day following the alleged rape, and then only in response to direct questioning by the 14-year-old school girl's mother. The rule of Sherrick has no application here.

Defendant contends that the complaint here was not voluntary because a janitor initiated a conversation by inquiring of the prosecutrix: "What is the matter?" and therefore her answer became involuntary because it was only in response to the question. There is simply no support for such an assertion. We have previously rejected any hard and fast rule that a complaint in the form of an answer to a question is involuntary. See State v. Deardurff, 186 Neb. 92, 180 N. W. 2d 890.

The contention that the complaint was not timely is equally frivolous. Within a matter of minutes after the defendant left the room, prosecutrix made complaint to two janitors, one of whom testified at the trial. She complained to her roommate within an hour of the incident, and was medically examined within a matter of hours. She complained to a university police officer

about midnight and was formally interviewed again the next morning by a police official and again repeated her complaint. The facts of this case fully demonstrate that the complaint was timely and voluntarily made.

The defendant's argument that the evidence was insufficient to establish resistance by the prosecutrix rests on an often-expressed rule that a woman must in good faith "resist to the utmost" so long as she has the physical power to do so. That rule is the corollary of another rule that where a woman yields because of fear caused by threats of immediate great bodily injury or death, actual physical resistance by her is not required.

The rule of resistance to the utmost was originally held to be applicable only "in the absence of threats and fear." See Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897. Even where the rule has been recognized, this court has always held that the degree of force and the degree of resistance required are relative, depending upon the particular circumstances. See, State v. Hunt, 178 Neb. 783, 135 N. W. 2d 475; Cascio v. State, *supra.*

Clearly the law does not require that when an attempt is made to rape a woman she must subject herself to threatened serious bodily harm or death by resisting to the utmost of her physical ability as long as she has the strength to do so. Where resistance would obviously be useless, futile, or foolhardy, it is wholly unrealistic to require affirmative direct demonstration of the utmost physical resistance as proof of the female's opposition and lack of consent. It is only required that the female make reasonable resistance in good faith under all the circumstances, and that the resistance be such as to make nonconsent and actual opposition genuine and real. To the extent that State v. Hunt, 178 Neb. 783, 135 N. W. 2d 475, and similar cases may be in conflict, they are overruled.

The defendant also contends that the sentence was excessive. An examination of the presentence investigation report clearly demonstrates that there was no

abuse of discretion here. A sentence within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. State v. Chaney, 184 Neb. 734, 171 N. W. 2d 787.

The judgment is affirmed.

AFFIRMED.