STATE OF NEBRASKA, APPELLEE, v. MICHAEL WAYNE RHODES, SR., APPELLANT.

214 N. W. 2d 259

Filed January 18, 1974. No. 39002.

Beatty, Morgan & Vyhnalek, for appellant.

Clarence A. H. Meyer, Attorney General and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of second degree murder in the death of Fokke Snoeijer. The body of Snoeijer was discovered in a field south of Paxton in Keith County, Nebraska, on May 23, 1972. An autopsy disclosed his death had been caused by a gunshot wound approximately 2 inches behind and a little above his left ear. It appeared to be a "contact wound" in which the muzzle of the gun had been held against the skin. There was also an injury to the left side of the face. The back four upper teeth were broken and there was a fracture of the upper jaw.

Snoeijer was 21 years of age and a resident of Grand Rapids, Michigan. He and Daniel Doezema had been on a trip to the west coast. On May 15, 1972, they left California to return to Michigan by hitchhiking. After they had reached Evanston, Wyoming, they were picked up by the defendant.

The defendant is 23 years of age and a resident of Taylorville, Illinois. On May 15, 1972, he left California in his Chevrolet pickup truck to return to Illinois. In California he had become acquainted with Janet Painter and Stewart Holford. Painter and Holford were residents of Bellevue, Nebraska, and were riding to Nebraska with the defendant.

When the party left Big Springs, Nebraska, Painter, Holford, and the defendant were riding in the front of the truck. A third hitchhiker, identified in the record only as "Brian," was riding in the back of the truck with Snoeijer and Doezema.

Painter and Holford testified the defendant stopped

the truck on a county road someplace east of Big Springs and told Holford to drive away a short distance and then return. The defendant got out of the truck with a gun tucked in his waist. After rejoining Painter and Holford, the defendant said he had shot and killed Snoeijer. The evidence was sufficient for the jury to conclude that the defendant killed Snoeijer purposely and maliciously and was guilty of murder in the second degree.

The defendant contends the trial court erred in failing to appoint an "independent psychiatrist" to examine him; in permitting Painter and Holford to testify for the State; in failing to find section 29-2011.01, R. S. Supp., 1972, unconstitutional; and in permitting Crystal Brownwood to testify for the State.

On October 5, 1972, defendant's counsel filed a suggestion that the defendant was not mentally competent to stand trial. The trial court then ordered the defendant be examined at the North Platte Psychiatric Clinic. The defendant moved that an examination be made by a psychiatrist of his own choice. This motion was overruled and the examination ordered by the trial court was made.

The defendant contends the trial court should have ordered an examination be made by an "independent psychiatrist" at the expense of the State, and the failure to do so deprived him of due process and equal protection of the law. The defendant relies on Griffin v. Illinois, 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891, and other cases holding that an indigent defendant may not be discriminated against because of his poverty.

The question of competency to stand trial is one of fact to be determined by the court, and the means employed in resolving the question are discretionary with the court. State v. Crenshaw, 189 Neb. 780, 205 N. W. 2d 517.

The examination of the defendant in this case was

made by Dr. Wisman, the Director of the North Platte Psychiatric Clinic. Dr. Wisman was fully qualified to make the examination. His testimony and the record generally support the finding of the trial court that the defendant was competent to stand trial. The fact that the North Platte Psychiatric Clinic is operated by the Department of Public Institutions and Dr. Wisman is employed by the State of Nebraska did not disqualify him in any way from making the examination of the defendant. See McGarty v. O'Brien, 188 F. 2d 151. The defendant's contention that he was entitled to a further examination by a psychiatrist of his own choice is without merit.

The names of Stewart Holford and Janet Painter were endorsed on the information as witnesses at the time it was filed on August 9, 1972. Both had been charged as accessories in the death of Snoeijer. The defendant took the depositions of Holford and Painter on September 30, 1972, but each witness refused to answer any questions. The questions were then certified to the District Court and a hearing was held on November 24, 1972. The trial court overruled the objections to most of the questions and ordered the witnesses to answer.

The case had been set for trial on December 5, 1972. On December 2, 1972, the State was given leave to endorse the names of additional witnesses on the information. At that time defendant's counsel stated specifically that a continuance was not requested and the defendant would take the deposition of Janet Painter on December 4, 1972.

The trial commenced on December 5, 1972. The defendant attempted to take the deposition of Painter on December 4, 1972, but the witness still refused to answer questions concerning the circumstances surrounding the death of Snoeijer.

Holford was called as a witness by the State on

December 7, 1972. He refused to testify on the ground his testimony might tend to incriminate him. The State then moved to compel his testimony under section 29-2011.01, R. S. Supp., 1972. The motion was granted; Holford was ordered to testify; and he was granted immunity as provided in the statute.

The defendant objected to the testimony of Holford on the ground that he had been unable to discover the testimony of Holford before trial because Holford had refused to answer questions when his deposition was taken. There was no request for a continuance. The objection was overruled and Holford was permitted to testify.

In determining whether the trial court abused its discretion in permitting Holford to testify, all the circumstances must be considered. See Carnivale v. State (Fla. App.), 271 So. 2d 793.

Holford had testified at the preliminary hearing and the critical part of his testimony concerned events that took place in the presence of only the defendant and Painter at about the time Snoeijer was killed. No effort was made to take the deposition of Holford after the hearing on certified questions on November 24, 1972, and the defendant did not request a continuance. The facts and circumstances indicate the defendant was not prevented from properly preparing for trial. We conclude there was no abuse of discretion in permitting Holford to testify for the State.

Janet Painter was the next witness called by the State. She also refused to testify. On the motion of the State, she was ordered to testify and granted immunity as provided in section 29-2011.01, R. S. Supp., 1972. The defendant objected to her testimony because she had refused to answer questions on two previous occasions and requested a continuance. The motion for a continuance and the objection to her testimony were overruled and she was allowed to testify.

The trial court relied primarily upon the fact that the defendant had refused the offer of a continuance at the time of the hearing on December 2, 1972, and had agreed that the deposition of Janet Painter would be taken on December 4, 1972, although it was known that she would refuse to answer any questions concerning the circumstances surrounding the death of Snoeijer.

The critical part of her testimony concerned the events that took place in the presence of the defendant and Holford, and her testimony was largely cumulative to that of Holford. There was no prejudice to any substantial right of the defendant in denying the continuance and permitting her to testify for the State.

The defendant further contends that section 29-2011.01, R. S. Supp., 1972, is unconstitutional because there is no way the defendant can discover the testimony of a witness who claims his constitutional right to refuse to answer questions until the county attorney has moved that the witness be compelled to testify. A similar contention was rejected in State v. McCown, 189 Neb. 495, 203 N. W. 2d 445.

Where a witness has refused to answer questions before trial, and during the trial his testimony is compelled under section 29-2011.01, R. S. Supp., 1972, the defendant's remedy is to request a continuance so that he may interview the witness. See Carnivale v. State, *supra*. The failure to grant a continuance after Janet Painter had been ordered to testify was not prejudicial to the defendant under the particular facts and circumstances in this case.

The constitutional right of a witness to refuse to answer questions, if applicable, is absolute unless the statutory procedure is followed. Since the effect of compelling the testimony will be a grant of immunity from prosecution, it is essential that the election to compel the testimony be that of the State. State v.

McCown, *supra*. In an appropriate case, however, the trial court in the exercise of its discretion might require the State to elect, in advance of trial, whether the testimony of a particular witness would be compelled so that the inconvenience and delay occasioned by a continuance after trial has begun could be avoided. The defendant's contention that section 29-2011.01, R. S. Supp., 1972, is unconstitutional is without merit.

Crystal Brownwood is 15 years of age and a resident of California. She became acquainted with the defendant when he was in California in May 1972. She was called as a rebuttal witness by the State and allowed to testify over objection as to statements and conduct by the defendant in her presence. The defendant argues her testimony should have been excluded because it tended to show immoral and illegal conduct of the defendant. Although somewhat marginal in nature, her testimony tended to corroborate the testimony of Holford and Painter and contradict that of the defendant. It was within the discretion of the trial court to allow her testimony to be received as rebuttal evidence. Testimony which is relevant and admissible on independent grounds is not inadmissible solely because it tends to show immoral or illegal conduct by the defendant. See State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87.

Over objection, the State was allowed to introduce in rebuttal the testimony of a pharmacist concerning an experiment conducted out of the presence of the jury. The defendant had testified that Holford and Painter had dissolved Secobarbital in saliva and injected the solution into their bodies. The experiment and the testimony of the pharmacist tended to prove that it was impossible to do so. It was within the discretion of the trial court to allow this evidence to be introduced.

The judgment of the District Court is affirmed.

AFFIRMED.