STATE OF NEBRASKA, APPELLEE, v. RICHARD L. CAMPBELL, APPELLANT.

223 N. W. 2d 662

Filed November 27, 1974. No. 39495.

Rollin R. Bailey of Davis, Bailey, Polsky, Huff and Denny, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is a post conviction proceeding under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1972, to set aside a conviction for rape. Defendant was charged with having committed the rape on February 14, 1972. On direct appeal his conviction was affirmed. State v. Campbell, 190 Neb. 22, 206 N. W. 2d 53. The grounds alleged in the motion to vacate are: (1) That there was insufficient evidence to warrant conviction; (2) that the defendant was not afforded effective assistance of counsel; (3) that the defendant was incompetent to stand trial; and (4) that the minimum sentence imposed was illegally high. The District Court granted an evidentiary hearing which was held on

February 14, 1974. It there considered all the issues raised, and after the hearing made findings and denied the motion. The defendant appeals. We affirm.

On this appeal it is claimed that the trial court erred in two respects: (1) In failing to find that the conviction was void or voidable because the defendant was at the time of his trial on the rape charge incompetent to stand trial and unable to participate rationally in his defense; and (2) in failing to find that the conviction was void or voidable because the defendant was denied effective assistance of counsel at his trial.

The two assignments are related in that the claim of denial of effective assistance of counsel rests upon the contention that counsel was or should have been aware of the defendant's alleged incompetence to stand trial and failed to call the matter to the trial court's attention and to request a hearing on the issue. It follows, therefore, that if a proper consideration of the first issue requires its disposition contrary to the defendant's contention then the second issue is moot.

The defendant's main contention is set forth in his brief in the following language: "The gravamen of defendant's complaint herein is that he was denied his constitutionally guaranteed right to effective assistance of counsel when the public defender failed to inform the trial court of the evidence raising doubt as to the defendant's competency to stand trial and to request a hearing on that issue or to delay the trial until he could fortify himself sufficiently to testify." The defendant cites and relies upon Pate v. Robinson, 383 U. S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815, where the Supreme Court of the United States said: "In view of the difficulty of retrospectively determining the issue of an accused's competence to stand trial (particularly where, as here, the time lapse is over six years), a hearing limited to that issue will not suffice; respondent must therefore be discharged unless the State gives him a

new trial within a reasonable time." We have held:
"If at any time while criminal proceedings are pending
facts are brought to the attention of the court, either
from its own observation or from suggestion of counsel,
which raise a doubt as to the sanity of the defendant,
the question should be settled before further steps are
taken." State v. Cortez, 191 Neb. 800, 218 N. W. 2d
217. See, also, State v. Anderson, 186 Neb. 435, 183
N. W. 2d 766.

In State v. Klatt, 187 Neb. 274, 188 N. W. 2d 821, we
held that: "The test of mental competency to plead
or stand trial is whether the defendant has capacity to
understand the nature and object of the proceedings
against him; to comprehend his own condition in refer-
ence to such proceedings and to make a rational defense."

At the evidentiary hearing on the motion to vacate,
a record of the testimony of the trial on the rape charge
was received. It shows that the defense was alibi. The
defendant presented testimony by two witnesses tend-
ing to establish that he was not at the scene of the
crime when it was committed. He, however, at trial
declined to testify in his own behalf to buttress the
alibi. At trial in his motion to vacate he alleges, and
the evidence establishes, that, when he was called by
his own counsel to testify, he arose, took two steps
towards the witness stand, and then returned to his own
chair and advised his counsel that he did not wish to
testify in his own behalf. This incident forms the
basis, in part, of the defendant's argument of incom-
petence to stand trial. He asserts that such conduct
in the presence of the jury was devastating to his de-
fense, and that it was the result of his mental state.
He argues that this conduct, considered together with
his previous history of commitment for emotional prob-
lems, made it incumbent upon his counsel to ask for
hearing on the question of his competency to stand
trial. He does not suggest that there was brought to

the court's attention during trial anything which required the court on its own motion to require such a hearing.

Accordingly we examine the record to determine whether the evidence presented to the trial court upon the evidentiary hearing justified its finding that the defendant was competent to stand trial and that counsel was not ineffective, in the constitutional sense, in failing to suggest a hearing on the issue.

The record shows that the defendant had, previous to the occurrence of the rape of which he was convicted, been twice involuntarily committed to the Lincoln Regional Center for observation. These two commitments grew respectively out of harassing phone calls to a female and threats or attempts to commit rape. At the time of his discharge from the first confinement the clinical summary stated in part: "During the 3 months of observation, he had displayed childish behavior with many pranks but no behavior patterns or thinking patterns which we could diagnose as those of psychosis." On the second occasion the diagnosis on admission was "Dyssocial Behavior." The diagnosis on discharge was "Schizoid Personality." The recommendation at that time was: "It is felt that this boy would benefit by out-patient follow-up with medication and an honest attempt to improve his outlook on life and re-establish his impulse control." The defendant's attorney was aware of these previous commitments and prior to trial requested a psychiatric evaluation. This was done. The psychiatrist also had defendant examined by a psychologist. The psychiatric report stated: "My diagnosis of Mr Campbell is Schizophrenia, latent type. He appears to have very little ability to get along with people or in society. He withdraws and seems unable to control his impulses for even moderate stress. I feel that he is in contact with reality at this time and is able to understand the charges against him; however,

he does not seem to realize the benefit to be derived from cooperating with counsel in his defense. There are no instances of acute psychotic episodes in his history to me; however, in my opinion I feel that he could be pushed into these with even moderate to mild stress. I feel that both Mr Campbell and society could best be served by his being sent to a hospital for an extended period of treatment." The summary and recommendation of the psychologist was as follows: "The client displays a psychological disorder closely resembling that of an antisocial personality. Through what is viewed as a basic lack of socialization he has failed to develop adequate ego control mechanisms. As a result, his behavior under stress is severely limited and he is likely to respond in an agressive and impulsive fashion. Although such behavior reflects a disorganization of his thought processes and loss of reality contact, he readily recovers once the precipitating stress is removed. This assessment provides no evidence that Mr. Campbell does not understand the nature of the proceedings against him or his position in reference to those proceedings. Further, his psychological functioning should not prevent him from cooperating with his attorney in the preparation of his defense although he may manifest episodes of the type described above during the proceedings. For these reasons, the client appears competent to stand trial."

Defendant's trial counsel was called as a witness at the post conviction hearing. He testified that in his opinion the defendant was at the time of trial competent to stand trial; that he did cooperate in his own defense; that previous to trial he suggested the names of witnesses he claimed would establish his alibi; he suggested the victim's identification of him be tested by means of a lineup and this was done; and at trial the defendant noted discrepancies in the testimony of witnesses between that given at the preliminary hearing

and that at trial and suggested questions to be asked. Previous to trial defendant had been informed by his attorney that his own testimony was necessary to his alibi defense and it was understood that the defendant would testify. The refusal to testify which occurred during trial was unexpected by his counsel.

At the time of the refusal to testify a recess was taken. The defendant was interrogated in chambers by the judge as to his wishes. He repeated that he did not want to testify. Nothing occurred there which was evidence of incompetency.

Without much question the failure of the defendant to advise his counsel that he had qualms about testifying and the making of the decision in the manner he did indicated poor judgment, but certainly not incompetence within the principle we enunciated in State v. Klatt, *supra.*

Pate v. Robinson, *supra,* is not applicable because of the vastly different factual circumstances involved. One of the principal distinguishing facts, of course, is that we have here the rather clear-cut evidence of a psychiatrist and a psychologist upon the exact point to be determined. The examinations both took place shortly before trial.

The judgment is affirmed.

AFFIRMED.