STATE OF NEBRASKA, APPELLEE, V. GARY TATUM, APPELLANT.

294 N. W. 2d 354

Filed July 1, 1980. No. 43137.

Giese & Butler, Buffalo County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and John Boehm, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was charged with sexual assault in the first degree, found guilty by a jury, and sentenced to a term of not less than 8 nor more than 12 years imprisonment.

The victim testified that at approximately 1 a.m. on September 12, 1979, she was reading in bed in her apartment in the front portion of a house in Kearney, Nebraska. She got up and opened the door to the kitchen and saw a man standing in the kitchen smoking a cigarette and holding a knife. She moved toward the front door and the man stepped in front of her and blocked the way. The woman attempted to take the knife from the man but he pulled it away from her and put it at the base of her throat and backed her into the bedroom. The man reeked of alcohol and had a very strong, distinctive body odor. He forced her to lie on the bed, opened her bathrobe, attempted to have sexual intercourse with her while holding the knife at her throat, and managed to achieve a slight penetration. She continued to protest but was too frightened to resist. She persuaded the man that she ought to check the front door.

When he sat up, she got up and ran to the front door. She unlocked the front door and the screen, ran out of the house, and stopped a passing car a short distance from the apartment. She told the three occupants of the car that a man had raped her and they took her to the police station. The occupants of the car all testified that she was very frightened and told them that a man was trying to rape her.

At the police station, the woman told the officers on duty what had happened. The officers took her to her apartment and began the initial investigation. They found a window screen in the living room of her apartment had been forced and the screen was ajar. They verified some of the details of the woman's story, removed several items of property for testing, and took the woman to a local hospital, where she was examined by a doctor.

The victim identified the defendant from a book of photographs provided by the police, and the defendant was arrested at approximately 6 a.m. on September 12, 1979. The police noticed a very strong, distinctive body odor at the time of his arrest. They searched his room but were unable to find the knife. The defendant was taken to jail and later identified by the victim in a lineup.

At the trial, the doctor who had examined the victim testified that he found no evidence of any contusions or abrasions on the woman's body, and no medical evidence to establish whether or not she had had recent sexual intercourse. He testified that the victim told him that there had been only slight penetration, and that from his examination, he could not determine whether or not there had been penetration.

The defendant testified at the trial and admitted that he was in the apartment, but denied that he had ever touched the victim or had any sexual contact with her. His testimony was that he was drunk and had come into the apartment for help because he

was unable to get home. He said that the victim at first refused to let him stay, but then lay down on the bed, opened her robe, and removed her panties. When he turned off the lights, the victim began crying and ran out the front door. He was afraid he would be charged with breaking and entering, and he fled.

The jury found the defendant guilty and this appeal followed.

The defendant contends that the testimony of the victim was uncorroborated and the evidence is insufficient to sustain the jury verdict.

Sexual penetration is defined by statute, among other things, as "any intrusion, however slight, of any part of the actor's body . . . into the genital or anal openings of the victim's body . . . . Sexual penetration shall not require emission of semen . . . ." See Neb. Rev. Stat. § 28-318(5) (Reissue 1979).

This court has consistently held that the slightest penetration of the sexual organs is sufficient, if established beyond a reasonable doubt, to constitute the necessary element of penetration in a prosecution for first degree sexual assault, and such element may be proved by either direct or circumstantial evidence. *State v. Holloman,* 197 Neb. 139, 248 N.W.2d 15 (1976); *State v. Atkinson,* 190 Neb. 473, 209 N.W.2d 154 (1973).

It is not essential that the victim be corroborated by other witnesses as to the particular act or acts which constitute the offense of sexual assault. It is sufficient if the victim is corroborated as to material facts and circumstances which tend to support the victim's testimony as to the principal fact in issue. *State v. Ferguson,* 188 Neb. 330, 196 N.W.2d 374 (1972).

Immediate complaint is directly relevant on the issue of corroboration. In *State v. Chaney,* 184 Neb. 734, 171 N.W.2d 787 (1969), we held that in a prosecution for sexual assault after the victim has testified

to the commission of the offense, it is competent to prove in corroboration of that testimony as to the main fact that, within a reasonable time after the alleged outrage, the victim made complaint to a person to whom a statement of such an occurrence would naturally be made.

In the case at bar, the victim made immediate complaint to the occupants of the car and again to the police. The testimony of these witnesses corroborated the victim's testimony as to the nature of the complaint and they testified that she appeared to be terrified. The evidence also established that pubic hairs were found in the victim's sheets microscopically similar to those of the defendant, which were very unusual and relatively uncommon.

In the case at bar, while the evidence was conflicting and was, in some respects, circumstantial rather than direct, it was sufficiently corroborated to submit it to the jury. A verdict of guilty should not be overturned unless, as a matter of law, the evidence is so lacking in probative force that it is insufficient to support the finding of guilt beyond a reasonable doubt.

In determining the sufficiency of evidence to sustain a conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Pankey*, 202 Neb. 595, 276 N.W.2d 233 (1979).

The defendant also contends that his sentence was excessive. The statutory penalty for first degree sexual assault is not less than 1 year nor more than 50 years imprisonment. The defendant was 22 years old at the time of this offense, has an extensive history of juvenile offenses, and one prior adult

felony conviction for burglary. Where the punishment of a statutory offense is left to the discretion of the court, a sentence imposed within the statutory limits will not be disturbed on appeal unless an abuse of discretion appears. *State v. Ferguson, supra.* There was no abuse of discretion here.

AFFIRMED.