HERBERT H. MARTENEY, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

313 N.W.2d 449

Filed December 11, 1981. No. 44194.

Herbert Marteney, pro se.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY and HASTINGS, JJ.

HASTINGS, J.

This is an appeal from an order of the District Court for Pawnee County which denied Herbert H. Marteney post conviction relief. We affirm.

Petitioner Marteney was charged with first degree murder as a result of the August 16, 1978, shooting death of Lynn A. Meier. Pursuant to a plea bargain, Marteney pleaded guilty to second degree murder and was sentenced to a term of imprisonment of 12 years. Although he had been represented by counsel at all stages up through sentencing, no direct appeal was ever filed. Instead, petitioner filed, pro se, a petition for post conviction relief which was docketed in the District Court separately from his criminal conviction. However, his court-appointed counsel represented Marteney at a proceeding to determine whether or not he was entitled to an evidentiary hearing on his petition for post conviction relief. The records from the preliminary hearing and the arraignment and sentencing were all received in evidence, and the District Court then ruled that no evidentiary hearing was required and the petition was ordered dismissed. Marteney has appealed,

pro se, assigning as errors that the decision was not sustained by sufficient evidence, the decision was contrary to law, and the decision is in violation of the eighth and fourteenth amendments to the Constitution of the United States.

As characterized by the trial judge, "plaintiff's Petition is a long, rambling statement without concise factual allegations of any constitutional [sic] violations . . . ." Therefore, to properly analyze his contentions, it is necessary to review certain portions of the record.

Following a preliminary hearing the county judge ordered Marteney bound over to District Court to answer the charge of first degree murder. A plea in abatement was filed and heard in District Court and was overruled. An arraignment was held, during which petitioner's rights were explained to him, including the presumption of innocence, the right to an attorney, the right to trial by jury, the right to call witnesses, the privilege against self-incrimination, the right to confront his accusers, and the right to require the State to meet its burden of proof. He was also advised of the penalties for first and second degree murder and manslaughter, and was told of the elements necessary for a conviction in each case. Upon advice of counsel, Marteney stood mute when asked to plead, and a plea of not guilty was entered in his behalf. His attorney also raised the question of Marteney's mental competency to stand trial. The trial judge then advised Marteney that "a plea of Insanity is included in your Not Guilty plea," but went on to explain that it would not be considered unless made a part of the record at least 10 days before trial. Arrangements were then made to have the petitioner examined for the court to determine his competency to stand trial. Petitioner's motion that he be examined by Dr. Whitla was granted, and petitioner's counsel was told by the court that he might secure an examination for any purpose that he might desire.

At a hearing held on November 14, 1978, for the purpose of determining petitioner's competency to stand

trial, by stipulation of the parties there was received in evidence a written report dated November 9, 1978, from Dr. F. E. Whitla, a Lincoln psychiatrist, and a written report dated November 2, 1978, from Wayne R. Price, Ph.D., chief psychologist of the Blue Valley Mental Health Center. Dr. Whitla concluded that Marteney was not competent to stand trial as of the date of his report, whereas Dr. Price concluded that he was. In addition to these reports, the trial court stated that he was also basing his determination on the presence and acts of Marteney on that date and on previous appearances. One such act was the appearance of this petitioner one afternoon in court in the uniform of the United States Air Force. When asked by the court to explain such dress, Marteney answered, "because of that flag that is standing right there behind you, sir. I'm proud of that flag." On the other hand, the trial court had extensively questioned the petitioner during his original arraignment, and his answers, for the most part, were reasonable, responsive, and appropriate. The court concluded that Marteney had the capacity to comprehend his own condition, to make a rational defense, and to assist his counsel.

On March 12, 1979, the date set for trial, Mr. Marteney appeared in court with his counsel and, pursuant to an agreement whereby the charge would be reduced from first degree murder to second degree murder, entered a plea of guilty. At that arraignment, the court reviewed all the proceedings to date and reminded Marteney in general terms of his rights, the elements of the various degrees of homicide, and of the punishment possible in each instance. He also ascertained from the petitioner that he was competely satisfied with the services rendered him by his attorneys and that no one had exerted any undue influence on him or promised him any particular punishment. The petitioner was again reminded that he had a right to a jury trial, the right to plead not guilty, the right to assistance of counsel, and the presumption

of innocence. He was also told that a plea of guilty was a waiver of "all of your rights to a jury trial, to have witnesses appear on your behalf, and, your presumption of innocence, all these things." Following the entry of a plea of guilty, a factual basis for such plea was furnished by the prosecuting attorney and concurred in by Marteney. In substance, the petitioner agreed that the rifle used in the fatal shooting was his, that he fired the rifle, that he had pointed it at the victim, and that he was satisfied that the firing of the gun was the cause of death. The court also received in evidence a letter report dated March 7, 1979, from Dr. Price, which reiterated his opinion that petitioner was then competent to stand trial and to enter a voluntary plea. Also available to the court was a March 6, 1979, order by the mental health board of Pawnee County discharging the petitioner from the hold previously placed upon him by the board.

Utilizing a liberal interpretation of Marteney's petition for post conviction relief, the district judge considered that it did allege the incompetency of Marteney at the time of entering his plea, an excessive sentence, unlawful preliminary proceedings, and a vague suggestion of ineffective counsel. The petition also alleged that proof of the element of intent to kill was absent because of his lack of understanding as to what he had done. This could be interpreted as a claim of insanity at the time of the fatal shooting.

The petitioner argues in his brief on appeal that the sentence was excessive because the evidence against him was only sufficient to establish his guilt as to the crime of manslaughter, Neb. Rev. Stat. § 28-403 (Reissue 1975), but not as to a violation of Neb. Rev. Stat. § 28-402 (Reissue 1975), murder in the second degree. If such were the fact, the maximum sentence he could have received was imprisonment for 10 years. He bases his premise on the fact that there was no expert testimony as to the cause of death, that there was no evidence of his intent to kill, and there was some evidence shortly after the crime of unsoundness of mind on the

part of Marteney.

Most of petitioner's complaints are answered by the general rule of law existing in this state that a plea of guilty, if understandingly and voluntarily entered, is conclusive. *State v. Livingston*, 182 Neb. 257, 153 N.W.2d 925 (1967). *State v. Griger*, 190 Neb. 405, 208 N.W.2d 672 (1973), was more specific and stated that a plea of guilty embodies a waiver of every defense to a charge, whether procedural, statutory, or constitutional. As to the matter of proof of the facts necessary to support a guilty plea, we said in *Clark v. State*, 150 Neb. 494, 497, 34 N.W.2d 877, 879 (1948): "A plea of guilty to a criminal complaint admits that the offense was committed, the time and place of its commission, and the identity of the person committing it, as charged; it is an admission of record of the truth of the charges made; it renders unnecessary the proof of the facts alleged; and it supports a finding of guilt made thereon."

In *State v. Campbell*, 192 Neb. 629, 223 N.W.2d 662 (1974), this court held that the test of mental competency to plead or stand trial is the same, i.e., whether the defendant has capacity to understand the nature and object of the proceedings and to comprehend his own condition in reference to such proceedings and to make a rational defense. The question of whether or not a defendant is competent to stand trial is one of fact to be determined by the trial court, and the means employed in resolving the question are discretionary with the trial court. *State v. Rhodes*, 191 Neb. 131, 214 N.W.2d 259 (1974). The defendant has the burden of establishing a basis for relief in a post conviction proceeding under Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979), and the findings of the District Court in denying such relief will not be disturbed on appeal unless they are clearly erroneous. It is the general rule that it is not within the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh evidence. Such matters are for

the trier of fact, and his findings and order must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981). From our review of the record, we conclude that there is sufficient evidence to support the trial court's finding that the petitioner was mentally competent to stand trial and to enter a plea of guilty.

The petitioner complains of the unlawfulness of preliminary proceedings. From a reading of his brief, he suggests that the evidence adduced at the preliminary hearing was insufficient to prove the cause of death. A plea of guilty supported by a sufficient factual basis renders unnecessary the proof of the facts alleged in the complaint and cures any error which may have been made by the District Court in ruling on a plea in abatement. *Clark v. State; supra; State v. Franklin,* 194 Neb. 630, 234 N.W.2d 610 (1975). From our examination of the record we conclude that there is no merit to the petitioner's contention that the District Court erred in overruling his plea in abatement.

The petitioner also complains that the hearing to determine his competency to stand trial was irregular because medical reports were received into evidence rather than having the doctors present to testify themselves. The answer to this is simple. Counsel for both the petitioner and the State of Nebraska stipulated that such letters could be utilized for the purpose of that hearing.

Petitioner's reference to ineffective counsel is also not supported by the record. One of the attorneys appointed to represent him was specifically requested by Marteney. He advised the District Court at the time of his sentencing that he was completely satisfied with his lawyers and the services rendered by them. Even in his brief in this court he stated that "he does not attack per se the conduct of either his trial counsel or the prosecution . . . ." The person challenging the competence of counsel has the burden of proof to establish counsel's

incompetence. *State v. Kelly*, 190 Neb. 41, 205 N.W.2d 646 (1973). The test for determining the competency or effectiveness of trial counsel is that they perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area and that they conscientiously protect the interests of their client. *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974). We find that petitioner's counsel met this test.

Petitioner's claim that the sentence imposed upon him was excessive is also groundless. The maximum sentence allowed by law was a term of imprisonment for life. A claim that a sentence imposed within statutory limits was excessive is not a basis for post conviction relief. *State v. Walker*, 197 Neb. 381, 248 N.W.2d 784 (1977).

Petitioner's remaining contention that he lacked sufficient mental capacity to form the necessary intent to commit the crime of second degree murder is without substance. If this is to be construed that he claims to have been not guilty by reason of insanity, such a plea is required to be raised at the time of arraignment or not later than 10 days before trial. Neb. Rev. Stat. § 29-2203 (Reissue 1979). Marteney's mental capacity existing at the time of the fatal shooting was never raised during the course of the proceedings in the trial court. In any event, as previously stated, mental capacity as a defense or lack of proof of intent were both waived by the guilty plea tendered by the petitioner.

We find that the trial judge did not abuse his discretion in refusing to grant an evidentiary hearing on Marteney's petition for post conviction relief, and his order dismissing the petition was correct. The judgment is affirmed.

AFFIRMED.

WHITE J., participating on briefs.