STATE OF NEBRASKA, APPELLEE, v. ROENA ANDERSON, ALSO KNOWN AS ROENA IVORY, APPELLANT.

183 N. W. 2d 766

Filed February 11, 1971. No. 37651.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant was convicted by a jury of the crime of arson. She now complains that there was not a proper determination of her sanity at the time sentence was pronounced. We affirm the judgment of the district court.

Defendant's past evidenced that she was mentally unstable and she had twice been committed to a mental institution for comparatively short periods. That she was sane at the time of her trial is conceded. After her trial and conviction, she threatened to commit suicide while being held in the county jail. On being informed of this situation, the trial court deemed it advisable to transfer her to the State Reformatory for Women and from thence she was taken to the Lincoln State Hospital for examination. The superintendent of the hospital reported that she had twice before been in that institution and that: "Basically she is a somewhat retarded young lady with strong sociopathic tendencies, and a propensity for becoming disorganized under pressure. She becomes angry, hostile, emotionally unstable, and shows an inappropriate affect (sic). At other times she is depressed and anxious. Her impulse control is extremely poor. At the present time she is clinically psychotic.

"Were she to be sentenced at the present time and sent to York, it is our impression that they would not be able to keep her there very long and she would be returned to the Lincoln State Hospital. If she improves to the point where her psychosis is in a state of remission, we would elect to return her to York. Then at the discretion of the court she could be returned for sentencing." Approximately 4 months later, the following report was submitted: "Rowenia Anderson has been psychiatrically evaluated at the Lincoln Regional Center, and at the present time it is considered that she is a fit subject for sentencing." Following this report, sentence was pronounced.

Defendant contends that a full hearing should have been had before a jury or the court on the question of her sanity. Section 29-1822, R. R. S. 1943, provides that when a defendant becomes insane after a verdict of guilty, and before judgment is pronounced, judgment shall be deferred while the insanity continues. No procedure for determination of sanity is prescribed by statute. Defendant maintains that a jury should have been impaneled to determine the question but failed to move for a further hearing before either a jury or the court or to object to the imposition of sentence. She relies on Walker v. State, 46 Neb. 25, 64 N. W. 357. This case is not applicable as it was decided under a former statute which specifically required that a jury be impaneled in such cases. See G. S. 1873, § 454, p. 823. At common law it was for the court to determine whether a defendant was mentally fit to be put on trial or sentenced and the nature of the investigation to be made on the issue of sanity was vested in the sound discretion of the court. See Annotation, 142 A. L. R. 961. In Sedlacek v. Greenholtz, 152 Neb. 386, 41 N. W. 2d 154, this court ruled that insanity as a bar to the imposition of sentence presents a factual issue for the determination of the court. The adoption of section 29-1823, R. S. Supp., 1969, referring to delay in the trial of one mentally incompetent, does not change the common law in such cases but leaves it in the discretion of the court to hold such hearing as it deems necessary. We adhere to the common law rule that when a person becomes insane after the commission of the offense charged, and before judgment is pronounced, such person's fitness to proceed presents a question to be resolved by the court, in the exercise of a sound discretion.

The means employed in resolving the question of sanity is discretionary with the court. "If at any time while criminal proceedings are pending facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a

doubt as to the sanity of the defendant, the question should be settled before further steps are taken. However, though a hearing on the issue is sometimes said to be obligatory if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished from uncertainty in the mind of any other person. Hence, except as otherwise provided by statute, the matter of granting an investigation rests in the discretion of the trial court. * * *

"The opinions of experts, if they favor present insanity, may be sufficient to require a formal inquisition; on the other hand, opposite opinions may be sufficient to justify putting the defendant on trial without further inquiry. And the court may order the defendant committed for a reasonable period for treatment and observation with a view to determining whether there is reasonable ground to doubt his sanity." 21 Am. Jur. 2d, Criminal Law, § 65, p. 147. See, also, Annotation, 142 A. L. R. 961. In Coffman v. United States, 290 F. 2d 212 (10th Cir., 1961), following an examination and report by a psychiatrist, it was held: "The court is not compelled to hold a hearing to determine the mental competency of the accused if the report of the psychiatrist does not indicate that the defendant is presently insane or mentally incompetent."

In Hunter v. United States, 323 F. 2d 625 (D. C. Cir., 1963), it was held: " 'Without more, therefore, we are of opinion that, upon the discharge of an accused from the hospital as cured and in the absence of anything showing the invalidity of the certificate of the superintendent, the court is required to proceed with the trial on the suspended criminal indictment, and no further proceedings on the question of sanity are necessary. * * *' "

In the present instance, an examination of defendant in regard to her mental condition was had, a report received that she was not mentally able to proceed and, a considerable time later, a second report indicating that

there had been a remission of her mental difficulties and that she had been discharged from the hospital. There is nothing in her examination by the court at the time she appeared for sentencing that indicates a then insane condition. The psychiatrist's report was not challenged or questioned and no objection was made to the court's proceeding with the pronouncement of judgment. Under the circumstances, we are unable to perceive any abuse of discretion or prejudice to defendant.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., concurs in the result.