STATE OF NEBRASKA, APPELLEE, V. JOHN BOSTON,
APPELLANT.
191 N. W. 2d 452

Filed November 5, 1971.   No. 37869.

John Boston, pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a direct appeal from a conviction and sentence for robbery. We affirm the judgment and sentence of the district court.

It is the contention of the defendant that the trial court should have held a hearing for the purpose of determining the mental competency of the defendant to stand trial. On this issue, we recently said in State v. Anderson, 186 Neb. 435, 183 N. W. 2d 766, as follows: "The means employed in resolving the question of sanity is discretionary with the court. 'If at any time while criminal proceedings are pending facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should

be settled before further steps are taken. However, though a hearing on the issue is sometimes said to be obligatory if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished from uncertainty in the mind of any other person. Hence, except as otherwise provided by statute, the matter of granting an investigation rests in the discretion of the trial court. * * *' "

The defendant was represented by counsel. It does not even appear from the record that the competency of the defendant to stand trial actually was raised. The sole record on the matter shows that on August 10, 1970, at the defendant's request "arraignment is continued until Dr. Farrell indicates whether hospitalization is needed." Even if we were to assume that the defendant did show of record that he thereby raised the question of competency, there is a total absence in the record of any evidence indicative of the lack of competency. More important, if there were an examination by Dr. Farrell and if he made a report to the court, neither of which appear in the record, the record does not show the matter was again raised, either by counsel or by the defendant himself. The transcript and the complete record of the evidence are before us and at no time is there any suggestion of such a contention. As we have said, the matter of granting an investigation or a formal hearing rests within the sound discretion of the trial court. State v. Anderson, *supra*. The defendant, represented by competent counsel, proceeded to trial and never at any time by objection or by any other manner renewed the question of being competent to stand trial. There is no evidence in the record which would sustain a finding that a reasonable doubt as to the defendant's competency was raised and therefore that a hearing was obligatory under the doctrine of State v. Anderson, *supra*. There is no showing in the record or in the proceedings in connection with the sentencing and the motion for new trial which would sustain in any factual

sense the contention that the defendant was incompetent to stand trial at the time and the place he actually did. The defendant's theory seems to be that the mere raising of the question as to incompetency, in his own subjective opinion, produces a reasonable doubt as to his competency and, therefore, the court is required to hold a hearing. This, of course, is not the law as we have announced it in State v. Anderson, *supra*. There is no merit to this contention of the defendant.

By another assignment of error the defendant in a brief pro se apparently contends that he was convicted by the knowing use of perjured testimony. An accomplice of the defendant, William Walter Branch, testified as a State's witness. In substance, Branch stated he was acting of his own free will and he had not made a deal of any kind with the county attorney's office for testifying. Apparently, the defendant's contention is based upon an assumption as a fact that this accomplice testified falsely in denying that he was testifying as a result of a "deal" with the State and also in denying that he was testifying under the threat of additional charges being instituted against him. Whatever the defendant himself may think of this situation, the fact remains that there is absolutely no evidence to support the defendant's assumption. In other words, giving maximum import to the language used by the defendant in asserting this contention, there is absolutely no evidence to support the contention of perjury used, much less showing that it was willfully and knowingly used by the prosecution. There is no merit to this contention.

The defendant complains of the ineffectiveness of his counsel. Apparently, this is based upon the contention that counsel failed to produce and use at the trial a transcript of the testimony at the preliminary hearing. The record shows, however, that defense counsel very ably and successfully, by way of cross-examination, persuaded different witnesses to acknowledge that their identification of the defendant in court was something

short of being absolutely positive. Concessions also were secured as to minor discrepancies between their preliminary hearing testimony and their testimony at the trial. It appears that the introduction of the whole of the preliminary hearing testimony, even if successful, might have been fatal to the defense in this case. There is no merit to this contention.

Assignments of error by the defendant cannot be sustained. The evidence is conclusive as to the defendant's guilt following a sequence of eye-witness identification and apprehension within about an hour after the commission of a robbery.

The judgment and sentence of the trial court are correct and are affirmed.

AFFIRMED.