STATE OF NEBRASKA, APPELLEE, v. WILLIE CRENSHAW, APPELLANT.

205 N. W. 2d 517

Filed March 16, 1973. No. 38658.

Donald C. Hosford, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of shooting with intent to kill, wound, or maim. He was sentenced to 10 to 15 years imprisonment on March 4, 1970. No appeal was taken from that judgment. A motion to vacate the conviction and sentence was filed on March 3, 1971. After an evidentiary hearing, the trial court found the motion should be denied. The defendant appeals.

The principal issue is whether the defendant was competent to stand trial at the time of his conviction in 1970. The defendant was represented by the public defender throughout the original proceeding but the question of mental competency was not raised at that time.

The defendant does not contend that the conviction and sentence necessarily were void, but rather that the evidence creates a sufficient question to warrant a hearing on the issue of competency. An evidentiary hearing was held on the motion to vacate, and the evidence presented at that hearing is before us for review at this time.

The test of mental competency to stand trial is whether the defendant has capacity to understand the nature and object of the proceedings against him; to comprehend his own condition in reference to such proceedings; and to make a rational defense. State v. Klatt, 187 Neb. 274, 188 N. W. 2d 821.

If facts are brought to the attention of the court which raise a doubt as to the sanity of the defendant, the question of competency should be determined at that time. State v. Anderson, 186 Neb. 435, 183 N. W. 2d 766; State v. Boston, 187 Neb. 388, 191 N. W. 2d 452. The question of competency to stand trial is one of fact to be determined by the court and the means employed in resolving the question are discretionary with the court. § 29-1823, R. S. Supp., 1972; State v. Anderson, *supra*.

At the hearing on the motion to vacate, the defendant testified by deposition and offered the affidavits of five prisoners who had observed him while he was being held in the Douglas County jail or in the Nebraska Penal and Correctional Complex. The affidavits state, in substance, that the defendant appeared to be confused, hallucinating, and without understanding of what had happened.

The record contains a report which shows the defendant was confined in the Lincoln Regional Center from April 16, 1970, to July 31, 1970. The report of the psychiatrist, made at the time of the defendant's discharge to the penal complex, states that "he showed more mental retardation than actual schizophrenia."

Joseph Moylan, who represented the defendant at the trial in 1970, testified the defendant was sullen and uncommunicative; was difficult to understand; and appeared to have a speech impediment. However, the defendant appeared to be rational; was able to recall what had happened at the time of the offense; and indicated the witnesses he wanted called at the trial. Moylan was not aware of anything that would question the competency of the defendant to stand trial.

It is significant that there is no evidence the trial court in the original proceeding entertained any doubt as to the defendant's competency to stand trial. Also, there is no suggestion that any of the psychiatrists who have examined the defendant thought he should not have stood trial.

The defendant has both a lack of normal mental ability and some derangement of the mind. However, this does not establish a lack of competency to stand trial. The record supports a finding that the defendant had the capacity to understand the nature and object of the proceedings against him; to comprehend his own condition in reference to the proceedings; and to make a rational defense. Upon the record before us, the defendant was not entitled to a vacation of the conviction and sentence.

The defendant also contends that he was denied his right to appeal. In this respect the record shows a motion for new trial was filed; the trial court advised the defendant that he had a right to appeal; and defendant's counsel did not withdraw. There is no evidence that the defendant requested an appeal be taken. Defendant's counsel testified affirmatively that he thought an appeal would have been without merit. These circumstances do not show a denial of the right to appeal.

The judgment of the district court is affirmed.

AFFIRMED.