STATE OF NEBRASKA, APPELLEE, v. WILLIAM EDWARD CORTEZ, APPELLANT.

218 N. W. 2d 217

Filed May 16, 1974.   No. 39238.

Lawrence R. Brodkey, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a post conviction proceeding. The defendant was charged and jury convicted of burglary and sentenced on November 6, 1970, to a term of 7 to 8 years in the Nebraska Penal and Correctional Complex. After a full evidentiary hearing, the District Court denied the defendant post conviction relief on the asserted grounds of mental incompetency to stand trial and denial of effective assistance of counsel by failure to raise the issue of incompetency to stand trial and to complete medical testing. We affirm the judgment of the District Court denying post conviction relief.

At the jury trial, the defendant attempted to prove temporary insanity during the commission of the burglary. The defendant was caught in the act of committing the crime, and this was the only possible defense available. Before trial and arraignment, defense counsel had a psychiatrist visit with the defendant for 1 hour on July 23, 1970. The defendant told the psychiatrist that he had been subject to blackouts since 1953; that these blackouts often occurred after he had been drinking; and that he had been drinking the night of the burglary and could not remember anything prior to or after the burglary until the next day. The psychiatrist gave his opinion to defense counsel that the defendant had some type of convulsive disorder that made him an epileptic equivalent. The psychiatrist suggested tests be given to the defendant. Four days later, on July 27, 1970, defense counsel made a motion to postpone arraignment to allow for tests to be taken at the county hospital. The motion was granted. These tests were never taken.

Defendant's contention is that this motion to delay arraignment should have raised a reasonable doubt in the mind of the trial judge as to defendant's mental competency to stand trial. Defendant contends that the trial court should have held a hearing, sua sponte, because the motion to delay arraignment for testing raised a reasonable doubt as to the defendant's competency to stand trial.

In State v. Anderson, 186 Neb. 435, 183 N. W. 2d 766 (1971), we stated that the adoption of section 29-1823, R. S. Supp., 1969, referring to delay in the trial of one mentally incompetent, does not change the common law rule that when a person becomes insane after the commission of the offense charged, and before judgment is pronounced, such person's fitness to proceed presents a question to be resolved by the court, in the exercise of sound discretion.

Nebraska case law indicates the means to be employed in resolving the question of sanity is discretionary with the court. If at any time while criminal proceedings are pending facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should be settled before further steps are taken. However, although a hearing on the issue is sometimes said to be obligatory, if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished from uncertainty in the mind of any other person. State v. Anderson, supra; State v. Boston, 187 Neb. 388, 191 N. W. 2d 452 (1971); State v. Crenshaw, 189 Neb. 780, 205 N. W. 2d 517 (1973).

The court did not abuse its discretion in not holding a sua sponte hearing on the mental competency of the defendant to stand trial. There was never any reasonable doubt as to the defendant's competence to stand trial. The defense of temporary insanity at the time

of commission of the crime was being investigated by defense counsel, and the testing could either further substantiate or completely disprove this theory. The trial judge therefore granted the motion for further testing to determine if the alleged temporary blackouts, would be substantiated by medical testing. The alleged temporary blackout at the time of the burglary due to a convulsive disorder had no relation to the competency of the defendant to stand trial.

Of significance is the fact that defendant was represented by the public defender throughout the trial and at no time prior to this post conviction proceeding did counsel or defendant allege incompetence of the defendant to stand trial. The evidence negates any contention that the defendant was in fact incompetent to stand trial. During the 1 hour visit with the psychiatrist, the psychiatrist noted that the defendant was not suffering from any convulsive disorder at that time. The warden of the Douglas County jail testified that during the 3 months of confinement prior to trial, the defendant never asked for medical assistance and no other inmate ever notified the warden that the defendant was in need of medical assistance. The record shows that the defendant had the ability to understand his right not to testify and voluntarily did not testify.

The public defender testified that during all his conversations with the defendant he was completely lucid, understood what was being discussed, and responded well. And finally, and of great importance, the defendant himself admitted that he knew what was going on at the trial: "Q. Well, there's no question that you knew what was going on at trial, is there? A. No, I understood everything that was going on at the trial." Thus, there is a total lack of any evidence which would support the defendant's post conviction contention that he was incapable of understanding the nature and object of the proceedings against him, unable to compre-

hend his own condition in reference to such proceedings, or to make a rational defense.

The defendant complains that he was afforded ineffective assistance of counsel caused by defense counsel's failure to have testing completed at the county hospital. However, the public defender already had the favorable testimony of a psychiatrist that in his opinion the defendant was suffering from a convulsive disorder which could subject him to temporary blackouts when he would not know the difference between right and wrong. The medical tests could have totally disproved this theory and discredited this testimony. The defense counsel's strategy was clearly to rely on the favorable testimony of the psychiatrist, and not complete the testing, thus avoiding the possibility that the testing would disprove the only defense available. The rule is well established in this jurisdiction for post conviction relief on the ground of ineffective assistance of counsel, it must appear that counsel's assistance was so grossly inept as to shock the conscience of the court. State v. Moss, 185 Neb. 536, 177 N. W. 2d 284 (1970); State v. Mason, 187 Neb. 675, 193 N. W. 2d 576 (1972). Here defense counsel competently presented the defendant's only defense, objected to testimony and the introduction of certain evidence, and adequately represented the defendant. There is no merit to this contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.