Willie CRENSHAW, Appellant,

v.

Charles L. WOLFF, Jr., Warden,
Appellee.

No. 74–1260.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1974.

Decided Oct. 23, 1974.
Certiorari Denied March 3, 1975.
See 95 S.Ct. 1361.

Dennis D. Burchard, Lincoln, Neb., for appellant.

Harold S. Salter, Deputy Atty. Gen., Claims Div., Lincoln, Neb., for appellee.

Before MATTHES, Senior Circuit Judge, HEANEY and STEPHENSON, Circuit Judges.

MATTHES, Senior Circuit Judge.

Willie Crenshaw, a prisoner serving a ten to fifteen year sentence at the Nebraska penal complex for malicious shooting or shooting at a person with intent to kill, in violation of Neb.Rev. Stat. § 28–410 (1969 Cum.Supp.), filed this habeas corpus action pursuant to 28 U.S.C. § 2254 in federal district court in Nebraska. In his habeas petition, petitioner alleged that he was denied certain constitutional rights and received ineffective assistance of counsel during the state criminal trial which resulted in his conviction on the shooting charge. The district court, Judge Urbom, upon consideration of the evidence adduced in a previous state post-conviction hearing, filed an extensive memorandum opinion finding that petitioner had exhausted all available state post-conviction remedies and ruling that the contentions of the petitioner's 2254 motion were without merit. Petitioner now appeals the denial of relief by the district court.

A short history of this case is necessary before considering the issues on appeal.

On November 24, 1969, petitioner was charged in two counts of malicious shooting with intent to kill in an incident involving two different victims, and eventually was represented by appointed counsel. After petitioner entered pleas of not guilty to both counts, he was tried in February, 1970, and was acquitted on one count and convicted on the other. Two months after the trial, petitioner was sent to a state mental health institute, where he was eventually diagnosed as having mild mental retardation, with psychosis.

In March, 1971, petitioner filed a motion under the Nebraska Post-Conviction Act, contending, *inter alia,* that he had been denied due process during his trial because the court had failed to institute, on its own motion, proceedings to determine his mental competency to stand trial and that he had been denied the right to appeal. An evidentiary hearing was held, after which the court denied the post-conviction motion on July 17, 1972. This decision was upheld by the Nebraska Supreme Court. State v. Crenshaw, 189 Neb. 780, 205 N.W.2d 517 (1973).

On May 7, 1973, petitioner filed this 2254 action in the United States District Court for the District of Nebraska. Petitioner raised the same two issues, *i. e.,* incompetency and denial of right to appeal, resolved adversely to him in the state courts and further asserted that he was not afforded effective assistance of counsel at the time of his trial. As noted above, the district court rejected all three asserted grounds for relief. We shall consider each asserted point of error *seriatim.*

Petitioner first urges that the district court erred in holding that he was not denied due process by the failure of the trial court to hold a hearing to establish his competency to stand trial. In most trials, of course, no serious question regarding an accused's competency to stand trial is present, and neither the petitioner nor his attorney requested that the trial court in this case make an inquiry into petitioner's competency. But the Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966), ruled that a trial court has a constitutional duty to institute, *sua sponte,* a competency hearing if there is substantial evidence before the court indicating that the accused may be mentally incompetent.[1] The question thus becomes whether the district court erred in finding that there was not substantial evidence before the trial court suggesting petitioner's incompetency.

---

1. The standard for determining whether an accused has the requisite mental competency to stand trial has been established by the Supreme Court in the following terms:

   [W]hether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

   Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ This court in Jones v. Swenson, 469 F.2d 535 (8th Cir. 1972), cert. denied, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973), held that Pate v. Robinson requires a competency hearing "where there was uncontradicted evidence of pronounced irrational behavior on the part of a state defendant and where that evidence 'raises a "bona fide doubt" as to a defendant's competence to stand trial'." [2] 469 F.2d at 538. *See also* Rand v. Swenson, 501 F.2d 394 (8th Cir. 1974); Moore v. United States, 464 F.2d 663, 666 (9th Cir. 1972) ("Evidence is 'substantial' if it raises a reasonable doubt about defendant's competency to stand trial.").

After reviewing the record, we cannot say that the district court erred in ruling that there was not substantial evidence of petitioner's alleged incompetency before the Nebraska criminal trial judge. There was no suggestion by anyone at trial that petitioner was incompetent or suffering from mental illness. The transcript of petitioner's testimony at the trial reveals that he was inarticulate and possibly dull-witted, but he was able to fully comprehend and rationally respond to the questioning of the attorneys. Furthermore, petitioner was able to communicate with his appointed counsel concerning his defense and was able to supply the lawyer with the names of potential witnesses.

■ Petitioner now urges that confusion he evinced at his sentencing, at which he asked the sentencing judge to release him since he had been found innocent of one count, indicates that he did not understand the nature of the charges against him, specifically, that he was charged with two separate offenses. Petitioner argues that the trial court should have deduced from this confusion that petitioner was possibly incompetent and that a competency hearing was necessary. Our reading of the sentencing transcript, however, leads us to conclude that the petitioner fully understood that he was charged with two separate offenses, but was mystified as to why the jury would convict him of shooting one person and acquit him of shooting another, even though both shootings occurred in the same incident. In any event we agree with the district court that the statements of the petitioner at sentencing are not substantial evidence of mental incompetency.

Secondly, petitioner contends that the district court erred in concluding that he was not denied the right to appeal. This claim apparently is premised upon several opinions holding that a defendant has been denied his right to appeal if he has not been fully informed by the court or his attorney of his right to appeal or by some other means has acquired knowledge of that right. *See, e. g.,* Bartley v. Commonwealth, 462 F.2d 610 (6th Cir.), cert. denied, 409 U.S. 1062, 93 S.Ct. 570, 34 L.Ed.2d 515 (1972); United States ex rel. Smith v. McMann, 417 F.2d 648, 654–655 (2d Cir. 1969), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970).

■ The sentencing proceedings in the state court reveal that the trial judge informed the petitioner of his right to appeal. Furthermore, petitioner admitted in the post-conviction hearing that he knew at the time of his sentencing that he had a right to appeal the conviction. Judge Urbom carefully considered the evidence relating to this claim on the record and concluded:

This evidence does not persuade the court that the petitioner was not advised of his right to appeal, particularly since the record reveals that the trial court informed the petitioner of his

2. If the possibility that the accused is mentally incompetent to stand trial is brought to the attention of a Nebraska state trial court, Neb. Rev.Stat. § 29–1823 (Cum.Supp.1969) empowers the trial judge to order a medical or psychiatric examination of the accused and to hold a competency hearing. In Nebraska the decision whether a competency hearing should be held is within the "sound discretion" of the trial court. State v. Boston, 187 Neb. 388, 191 N.W.2d 452 (1971). *See also* State v. Anderson, 186 Neb. 435, 183 N.W.2d 766 (1971); Comment, Competency to Stand Trial in Nebraska, 52 Neb.L.Rev. 69 (1972).

right to appeal and noted that the petitioner had appealed another felony conviction in the past.

We are not persuaded that Judge Urbom's evaluation of the state proceedings is vulnerable to a successful attack.

Finally, petitioner pro se asserts that the district court erred in ruling that the representation afforded petitioner by his trial attorney cannot be considered ineffective assistance of counsel. In the district court, petitioner stressed that the attorney did not raise at trial the issue of petitioner's possible incompetency, that the attorney did not undertake extensive pre-trial investigation, and that counsel assertedly did not advise petitioner of the right to appeal.

The district court, in denying petitioner relief on this ground, found that there was no evidence that the trial attorney knew or should have known about petitioner's possible incompetency, and therefore should not be charged with neglect in failing to raise the matter. The court further found that the attorney's decision not to undertake an independent investigation was made only after a consultation with the petitioner and after a specific determination that the outcome of the case turned on eyewitness testimony, whereupon the lawyer consulted with an attorney who had previously worked on the case and interviewed witnesses before trial. The district court also determined that the assertion that trial counsel had not advised petitioner of his right to appeal was not established on the record. These factual determinations of the district court are supported by substantial evidence and are not clearly erroneous.

The standard traditionally employed by this court to determine if counsel rendered ineffective assistance has been whether a "farce" or "mockery of justice" had occurred.[3] More recently, several jurisdictions have worded the test for determining whether assistance of an attorney was constitutionally adequate in terms of whether the accused received "reasonably competent assistance of counsel." *See generally* McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974). Although this court in *McQueen* declined to rule whether the "mockery of justice" standard should be abandoned in favor of the standard more recently established in other jurisdictions, we find that the conduct of the assistant public defender in this case was fully adequate under either test.

We find no rational basis for interfering with the district court's denial of the petition for habeas corpus. Consequently, we affirm.

---

3. *See* Cardarella v. United States, 375 F.2d 222, 230 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967) :

[A] charge of inadequate representation can prevail "only if it can be said that what was or was not done by defendant's attorney for his client made the proceedings a farce or mockery of justice, shocking to the conscience of the Court."

*See also* Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973), cert. denied, 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974) ; Scalf v. Bennett, 408 F.2d 325, 327-328 (8th Cir.), cert. denied, 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969).