Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/30/2021 08:08 AM CDT

**State of Nebraska, appellee, v.
Joe K. Saufley, appellant.**
___ N.W.2d ___

Filed March 16, 2021.    No. A-19-577.

1. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing
   on a motion for postconviction relief must be granted when the motion
   contains factual allegations which, if proved, constitute an infringe-
   ment of the movant's rights under the Nebraska or federal Constitution.
   However, if the motion alleges only conclusions of fact or law, or the
   records and files in the case affirmatively show that the movant is
   entitled to no relief, no evidentiary hearing is required.
2. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo
   a determination that the defendant failed to allege sufficient facts to
   demonstrate a violation of his or her constitutional rights or that the
   record and files affirmatively show that the defendant is entitled to
   no relief.
3. **Postconviction: Constitutional Law.** Postconviction relief is a very
   narrow category of relief, available only to remedy prejudicial constitu-
   tional violations that render the judgment void or voidable.
4. **Postconviction: Appeal and Error.** On appeal from the denial of
   postconviction relief without an evidentiary hearing, the question is not
   whether the movant was entitled to relief by having made the requisite
   showing. Instead, it must be determined whether the allegations were
   sufficient to grant an evidentiary hearing.
5. **Postconviction.** The allegations in a motion for postconviction relief
   must be sufficiently specific for the district court to make a preliminary
   determination as to whether an evidentiary hearing is justified.
6. **Postconviction: Pleadings: Proof: Constitutional Law.** In a proceed-
   ing under the Nebraska Postconviction Act, the application is required
   to allege facts which, if proved, constitute a violation or infringement
   of constitutional rights, and the pleading of mere conclusions of fact

or of law is not sufficient to require the court to grant an evidentiary hearing.

7. **Postconviction: Proof: Constitutional Law.** An evidentiary hearing must be granted when the facts alleged, if proved, would justify relief, or when a factual dispute arises as to whether a constitutional right is being denied.

8. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.

9. **Postconviction: Effectiveness of Counsel: Proof.** If the petitioner for postconviction relief has not alleged facts which would support a claim of ineffective assistance of counsel or if the files and records affirmatively show he or she is entitled to no relief, then no evidentiary hearing is necessary.

10. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

11. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

12. **Effectiveness of Counsel: Appeal and Error.** The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), deficient performance and prejudice, may be addressed in either order.

13. **Effectiveness of Counsel: Presumptions: Appeal and Error.** The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable.

14. **Trial: Pleas: Mental Competency.** A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense.

15. ____: ____: ____. The test of mental capacity to plead is the same as that required to stand trial.

16. **Mental Competency.** Requiring that a defendant be competent has a modest aim: It seeks to ensure that he or she has the capacity to understand the proceedings and to assist counsel.

17. ____. A defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies.

18. ____. The fundamental question is whether the defendant's mental disorder or condition prevents the defendant from having the capacity to understand the nature and object of the proceedings, to comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense.

19. **Effectiveness of Counsel: Mental Competency: Proof.** In order to demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted.

20. **Postconviction: Appeal and Error.** It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal.

21. **Postconviction: Mental Competency: Trial.** There is no procedural bar in postconviction proceedings of issues relating to competency to stand trial.

22. **Mental Competency.** If facts are brought to the attention of the court which raise doubts about the competency of the defendant, the question of competency should be determined at that time.

23. **Mental Competency: Trial: Convictions: Due Process: Appeal and Error.** Appellate courts have recognized that two fundamental constitutional principles are implicated in a situation regarding the competency of the defendant. The first is that a conviction of a mentally incompetent accused is a violation of substantive due process, and the second is that due process requires that a hearing be held whenever there is evidence that raises a sufficient doubt about the mental competency of an accused to stand trial.

24. **Pleas: Mental Competency: Right to Counsel: Waiver.** A court is not required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his or her right to counsel; a competency determination is necessary only when a court has reason to doubt the defendant's competence.

25. **Mental Competency.** The "trigger" for a competency hearing under Nebraska law has been set forth as follows: If at any time while criminal proceedings are pending, facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should be settled before further steps are taken.

26. ____. Although a hearing on the issue of competency is sometimes said to be obligatory, if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished from uncertainty in the mind of any other person.

Appeal from the District Court for Dixon County: Paul J. Vaughan, Judge. Affirmed.

Luke P. Henderson, of Fitzgerald, Vetter, Temple, Bartell & Henderson, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Pirtle, Bishop, and Welch, Judges.

Pirtle, Judge.

## INTRODUCTION

Joe K. Saufley appeals the order of the district court for Dixon County denying his motion for postconviction relief without an evidentiary hearing. For the reasons that follow, we affirm.

## BACKGROUND

Saufley assaulted his estranged wife in Emerson, Nebraska, on May 7, 2017. The victim was badly injured and was transported by ambulance to a medical center in Omaha, Nebraska, where she remained for a week for treatment of facial fractures, multiple contusions, an anal tear, and broken teeth.

On July 3, 2017, Saufley was charged in Dixon County District Court with first degree assault, a Class II felony; first degree sexual assault, a Class II felony; strangulation causing serious bodily injury, a Class IIA felony; first degree domestic assault, a Class IIA felony; and disturbing the peace, a

Class III misdemeanor. Saufley entered pleas of not guilty to all counts.

On November 13, 2017, Saufley appeared at a change of plea hearing with his court-appointed counsel. Saufley's counsel advised the court that although the parties had reached a plea agreement, Saufley had decided he wanted to plead guilty to all five counts as originally charged. Saufley's counsel further explained:

> Your honor, if I may, there was a plea agreement in this matter that I had spoke with . . . Saufley previously, reviewed that with him on two different occasions. During my speaking with him we went over a number of issues, including the plea agreement and possible penalties.
>
> He has informed me today that he does not want to enter the plea agreement as it is written; his desire is to plead guilty to all five counts without the plea agreement. It's something we've talked about in the past and discussed before, but that's his wish today is to proceed in that manner, not entering a plea agreement to the three counts that were contemplated, but to all five counts in the current Information.
>
> So I think we're ready to proceed to do that instead of the plea agreement, his desire is to plead guilty to all five of the counts at this time.

The court confirmed Saufley's understanding of the plea agreement the State had offered, and it then questioned him about his decision to withdraw his not guilty pleas and enter guilty pleas to all five counts in the original information. Saufley confirmed that he wanted to enter guilty pleas rather than proceed under the plea agreement. Saufley also indicated that he had enough time to visit with counsel about the option of the plea agreement versus pleading to the straight charges. He indicated that he wanted to withdraw his previously entered not guilty pleas to the charges and that he was doing so freely and voluntarily. The court granted his request to withdraw his not guilty pleas.

The court then advised Saufley of the nature of the charges and the possible penalties, as well as the rights he would be giving up by pleading guilty. Saufley stated he understood. Saufley's counsel also stated that he had discussed with Saufley the rights he would be giving up; that counsel believed Saufley understood his rights and the consequences of waiving them; and that Saufley was waiving them freely, voluntarily, knowingly, and intelligently.

Upon further inquiry by the court, Saufley acknowledged that his counsel explained the charges against him in the information, that he discussed with his counsel all of the facts as he believed them to be and any defenses he thought he might have to the charges, and that there were no defenses he thought he might have that he had not talked over with counsel.

Saufley also indicated that he was satisfied with the job his counsel had done for him; that his counsel was competent and knew what he was doing; that Saufley understood that his plea of guilty, if accepted by the court, waived any defenses he might have to the charges; and that no one connected to law enforcement or anyone else had made any threats, used any force, or made any promises to get him to plead guilty.

The State then provided a factual basis for Saufley's pleas. Following the factual basis, Saufley confirmed he still wished to plead guilty. Counsel stated that he believed Saufley was making the plea freely, voluntarily, knowingly, and intelligently and that he did not know of any reason the court should not accept Saufley's guilty pleas. The court found beyond a reasonable doubt that there was a factual basis for the pleas, that Saufley fully understood his rights, and that he freely and voluntarily waived them. It further found that he understood the nature of the charges against him, the consequences of his pleas, and the penalties that could be imposed. The court concluded that his pleas were made freely, voluntarily, knowingly, and intelligently, and it accepted his pleas of guilty and found him guilty of all five counts charged in the information.

A sentencing hearing was subsequently held. When the court asked Saufley if he had anything to say, he said:

On the night I committed my crime I was homeless for about a couple weeks, and prior to that I tried getting help for my anger management. I have no prior history for criminal violence, or being a druggie or anything like that. I'm not trying to make any excuses for anything.

I wish [the victim] were here, I really do, so I could ask her why she felt the need to set things up the way they were that night, made me believe that my life was in danger when it wasn't. A lot of things went wrong on my behalf, a lot of things that I've done, but if she were here right now I would tell her that I was sorry and that I take full responsibility for my actions. That's all I got to say.

The court then asked whether Saufley or anyone else had any reason why sentence should not be imposed, and Saufley's counsel indicated that he did not. The court imposed five sentences to run concurrently which would require him to serve a minimum of 15 years, less credit for 295 days served prior to sentencing, and a maximum of 20 years before he would be eligible for total discharge.

Saufley did not file a direct appeal. He later filed a motion for postconviction relief, alleging that he was not competent to enter his pleas or to be sentenced and that his counsel and the court violated his constitutional rights by failing to recognize that fact. Saufley also alleged that his counsel was ineffective for advising him not to file a direct appeal. We note that Saufley's motion for postconviction relief was filed pro se, that it is handwritten and hard to read, and that it is difficult to decipher what is being alleged and argued in the motion. The district court denied Saufley's motion for postconviction relief without an evidentiary hearing, finding Saufley's claims were either insufficiently pled or affirmatively refuted by the record. This appeal followed.

## ASSIGNMENTS OF ERROR

Saufley assigns, consolidated and restated, that the district court erred in denying him an evidentiary hearing on the following issues raised in his motion for postconviction relief: that his trial counsel was ineffective in failing to investigate his competency and request a competency hearing and that his trial counsel was ineffective in advising him not to file a direct appeal. He also assigns that the district court erred in failing to hold a competency hearing when there was reason to doubt his competency.

## STANDARD OF REVIEW

[1] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

[2] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

## ANALYSIS

[3,4] Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite

showing. Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *Id.*

[5-7] The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* In a proceeding under the Nebraska Postconviction Act, the application is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights, and the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. *State v. Haynes, supra.* An evidentiary hearing must be granted when the facts alleged, if proved, would justify relief, or when a factual dispute arises as to whether a constitutional right is being denied. *Id.*

[8,9] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). If the petitioner for postconviction relief has not alleged facts which would support a claim of ineffective assistance of counsel or if the files and records affirmatively show he or she is entitled to no relief, then no evidentiary hearing is necessary. *Id.*

[10-13] In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement

for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

*Ineffective Assistance of*
*Counsel—Competency.*

Saufley first alleges the district court erred in denying him an evidentiary hearing on his claim that his trial counsel was ineffective in failing to investigate his competency and to request a competency hearing. Saufley seems to argue that only someone who is clearly incompetent would reject a plea agreement and enter guilty pleas to five serious crimes. Saufley suggests that fact alone gave his trial counsel reason to doubt his competency, thereby necessitating a competency hearing.

[14-18] A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010). The test of mental capacity to plead is the same as that required to stand trial. *Id.* Requiring that a defendant be competent has a modest aim: It seeks to ensure that he or she has the capacity to understand the proceedings and to assist counsel. *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011). A defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies. *Id.* The fundamental question is whether the defendant's mental disorder or condition prevents the defendant from having the capacity to understand the nature and object of the proceedings, to comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense. *Id.*

[19] In order to demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted. *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013).

We conclude that Saufley's motion for postconviction relief fails to allege sufficient facts that would support a claim of ineffective assistance of counsel in regard to his competency. In regard to the ineffective assistance of counsel claim based on his alleged incompetency, Saufley alleged that:

> [He] seeks to withdraw all guilty pleas in this cause of action claiming undefined incompetence to stand trial . . . . And due to major depression [he] turned down [trial counsel's] and [the] Prosecutor's proffered Plea Bargain which may have dismissed some counts of the Information he pled guilty to and/or reduced the penalties further at his sentencing hearing — but for his major depression . . . he would NOT have pled guilty to all charges as charged. . . .
>
>     . . . .
>
>     . . . Saufley, alleges that [his trial counsel] knew or should have known all of the above . . . . Therefore he was allegedly ineffective . . . .

Saufley's motion alleges he was incompetent at the time he entered his pleas because of his "major depression" and that his counsel knew or should have known that he suffered from major depression at the time of the plea hearing. Such allegation alone is insufficient to support a claim that counsel was ineffective for failing to request a competency hearing. Saufley did not make any specific allegations explaining how his depression prevented him from understanding the proceedings or affected his decision to plead to all five charges. Further, he does not allege any facts showing that his trial counsel had reason to doubt his competency at the time of the plea hearing. Without such factual allegations, Saufley's motion fails to demonstrate a reasonable probability that he

was, in fact, incompetent and that the district court would have found him incompetent had a competency hearing been conducted. As a result, the district court did not err in denying Saufley an evidentiary hearing based on his allegation that his trial counsel was ineffective in failing to request a competency hearing.

## Ineffective Assistance of Counsel—Direct Appeal.

Saufley next claims that the facts alleged in his postconviction motion were sufficient to grant him an evidentiary hearing in regard to his claim that trial counsel was ineffective in advising him to not file a direct appeal. The district court did not address this claim specifically, but, rather, it found that Saufley's claims were either refuted by the record or were mere conclusions of fact or law.

Saufley's postconviction motion simply alleges that his counsel advised him to not appeal his convictions. He fails to allege how counsel's performance was deficient or how he was prejudiced by counsel's advice. He does not allege that he wanted to appeal or that he told his counsel to appeal. He also does not allege what errors he would have raised on direct appeal or why he believed an appeal could have been successful. Accordingly, we conclude that Saufley's motion fails to set forth sufficient facts to support his claim that counsel was ineffective by advising against a direct appeal. Because Saufley's motion does not contain factual allegations which, if proved, establish that he was denied effective assistance of counsel, an evidentiary hearing was not warranted. See *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

## Failure of District Court to Order Competency Hearing.

[20,21] Saufley also assigns that the district court erred in failing to hold a competency hearing sua sponte after reasonable doubt was raised regarding his competency. This is a claim that could have been brought on direct appeal had there

been one, and such claims are generally barred on a motion for postconviction relief. It is fundamental that a motion for post-conviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). However, this court has concluded that there is no procedural bar in postconviction proceedings of issues relating to competency to stand trial. See *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996). Accordingly, Saufley's final assignment of error is not barred.

[22,23] If facts are brought to the attention of the court which raise doubts about the competency of the defendant, the question of competency should be determined at that time. *State v. Griffin*, 20 Neb. App. 348, 823 N.W.2d 471 (2012). We have recognized that two fundamental constitutional principles are implicated in such a situation. The first is that a conviction of a mentally incompetent accused is a violation of substantive due process, and the second is that due process requires that a hearing be held whenever there is evidence that raises a sufficient doubt about the mental competency of an accused to stand trial. *Id.*, citing *State v. Johnson, supra.*

[24-26] A court is not required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his or her right to counsel; a competency determination is necessary only when a court has reason to doubt the defendant's competence. *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010). The "trigger" for a competency hearing under Nebraska law has been set forth as follows: If at any time while criminal proceedings are pending, facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should be settled before further steps are taken. *State v. Johnson, supra*. "'However, although a hearing on the issue is sometimes said to be obligatory, if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished

from uncertainty in the mind of any other person.'" *Id.* at 793-94, 551 N.W.2d at 754, quoting *State v. Cortez*, 191 Neb. 800, 218 N.W.2d 217 (1974).

In the present case, the record shows that Saufley responded logically to the questions asked by the court and understood the proceedings and the consequences of going forward with his guilty pleas. At the start of the plea hearing, Saufley's counsel explained to the court that he had discussed the plea agreement with Saufley on more than one occasion and that Saufley had decided to reject the plea agreement and plead guilty to all five charges. The court confirmed Saufley's understanding of the plea agreement, and Saufley indicated it was his decision to withdraw his previously entered not guilty pleas and enter guilty pleas rather than accept the plea agreement. Saufley stated he had enough time to talk with counsel about the plea agreement versus pleading guilty. The court advised Saufley of the charges, the possible penalties, and the rights he was giving up by pleading guilty. Saufley indicated that he understood what the court had explained to him. Saufley's counsel also stated that he believed Saufley understood his rights and was waiving them freely, voluntarily, knowingly, and intelligently. Saufley further acknowledged that he had discussed with counsel the facts of the case as he believed them to be, as well as any defenses he thought he might have to the charges. Following the factual basis, Saufley confirmed that he still wanted to plead guilty.

The record also shows that Saufley understood what was happening at the sentencing hearing. When asked if he had anything to say, Saufley told the court he was not trying to make excuses for the crimes he committed and that he wished the victim were present so he could tell her he was sorry and that he took full responsibility for his actions. Saufley's counsel indicated there was no reason why sentence should not be imposed.

There was some information in the presentence investigation report related to possible signs of Saufley's incompetence.

There was information that Saufley claimed he had attempted suicide on more than one occasion since the incident occurred. A mental health screening also indicated that he could benefit from a mental health assessment. There was also information in the presentence investigation report which indicates Saufley tried to seek mental health services for his anger control issues in the weeks prior to the offenses. In contrast, the risk assessment report stated that Saufley has no history of being psychiatrically hospitalized or being prescribed psychotropic medications. The investigation further noted Saufley had no history of mental health services as an adult. While this information from the presentence investigation report is relevant in determining if the district court should have held a competency hearing, we conclude it did not create reasonable doubt as to Saufley's competency at the time he was sentenced.

Based on the record, there was no reason to doubt Saufley's competence at either the plea hearing or the sentencing hearing. Saufley appeared to understand the information given, and during questioning by the court, his answers were appropriate. There was no indication that he did not understand or was confused by what was happening at either hearing. The record shows that Saufley had the present capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense. See *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010).

Because the record refutes that the court had any reason to believe Saufley was incompetent at the time he entered his pleas and was sentenced, the court did not err in failing to hold a competency hearing.

## CONCLUSION

We affirm the district court's dismissal of Saufley's motion for postconviction relief without an evidentiary hearing.

Affirmed.